**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 3:12CR00206(AVC) |
| : | |
| MUJAHID MUHAMMAD, et al. : | |

**RULING ON THE DEFENDANT,**
**GREGORY TEEL'S, MOTIONS TO SUPPRESS**

The indictment charges the defendants with, *inter alia*, conspiracy to distribute and to possess with the intent to distribute two hundred eighty grams or more of cocaine base/"crack" in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(A)(iii). Beginning on or about January 2, 2012 and continuing until approximately March 30, 2012, the indictment charges several named defendants, and others known and unknown to the Grand Jury, to have knowingly and intentionally conspired to violate the narcotic laws of the United States.

The defendant, Gregory Teel, has filed the within motions to suppress cellular telephone number (203) 583-6932, target telephone number (hereinafter "TT#") 1, TT#2, the extension of TT#2, and TT#3.

**STANDARD**

Section 2518 of Title 18 of the United States Code requires "that an affidavit in support of an application for a wiretap

must include, among other things, a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c); United States v. Muhammad, 2010 WL 2232438 at *2 (D. Conn. May 26, 2010). "This requirement serves the purpose of ensuring that 'wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.' Id. (quoting " United States v. Concepcion, 579 F.3d 214, 218 (2d Cir.2009). To satisfy the requirement, the "statement must provide some basis for concluding that less intrusive investigative procedures are not feasible . . . [G]eneralized and conclusory statements that other investigative procedures would prove unsuccessful will not satisfy Title III." Muhammad, 2010 WL 2232438 at *2 (internal citations and quotation marks omitted).

Section 2518 does not require that the government exhaust all other investigative techniques, only "that the agents inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods." Muhammad, 2010 WL 2232438 at *2 (quoting United States v. Diaz, 176 F.3d 52, 111 (2d Cir.1999) (internal quotation marks omitted).

**DISCUSSION**

The defendant argues that the government, in its investigation of him and other individuals, "chose not to pursue avenues which had been fruitful in the past," leaving the court that issued the wiretap order "with the impression that traditional investigative techniques were not succeeding," and "only a wiretap could succeed." Specifically, the defendant argues "[t]he government had the means through traditional, cost effective, and productive methods to uncover the alleged conspiracy." The defendant argues that "once the wiretap on TT#1 was in place, the government resumed and even increased the utilization of some traditional methods of investigation, such as: "physical surveillance, cooperating witnesses/informants, controlled buys, pen registers and toll registers (phone records)." Thus, the defendant argues, the incongruity of the government's representations "calls into question whether the government met the Title III requirement that traditional investigative procedures be undertaken in 'good faith.' "Rather, the defendant argues, "it appears that the government 'manufactured necessity' by conducting only the most cursory investigation before resorting to a Title III application."

The government responds that "[e]ach of the five affidavits submitted in support of the applications for the challenged

orders contains a section entitled 'Need for Interception', and in each of the affidavits, that section contains a detailed and particularized discussion of the reasons electronic surveillance is necessary to the attainment of the objectives of the investigation." Specifically, the government argues "[w]ithin each 'Need' section, the necessity for electronic surveillance over the referenced telephone is articulated as it existed at the time the affidavit was executed, and a number of traditional investigative methods are discussed." The government argues the defendant's assertion that it conducted a "cursory" investigation rather than a traditional investigation in good faith, prior to applying for a wiretap, is "clearly belied by the detailed summaries of the investigation in this case contained in the five affidavits."

The role of this court in reviewing the issuance of a wiretap order is not to make a *de novo* determination of sufficiency, "but to decide if the facts set forth in the application were minimally adequate to support the determination that was made." United States v. Torres, 901 F.2d 205, 231 (2d Cir. 1990). (citing United States v. Scibelli*,* 549 F.2d 222, 226 (1st Cir.) (collecting cases), *cert. denied,* 431 U.S. 960 (1977).

Here, the court concludes that the affidavits in support of the wiretap adequately assessed and explained in enough detail the available investigative means, their effectiveness, and the limits of their effectiveness. Therefore, the affidavits credibly established that the drug conspiracy could not be adequately followed by traditional investigative means.

### **CONCLUSION**

For the foregoing reasons, the defendant's motions to suppress (documents #310, 312, 314, 316, and 318) are DENIED.

It is so ordered this \_\_\_ day of December, 2013 at Hartford, Connecticut.

                                                                        _____
                                                                        Alfred V. Covelo,
                                                                        United States District Judge